Wachtleb, J.
 

 Petitioner-appellant, a high school teacher, was dismissed from his job by the local Board of Education for conduct unbecoming a teacher, neglect of duty, inefficiency, and incompetence. Specifically, the board found that appellant lied about being sick during a nine-day period when in fact he was selling used cars; that he provided certain pupils with answers to examinations; that he prepared illegible examinations and graded them arbitrarily, and that he wrongly inserted zeros into a pupil’s record in order to fail him. The Appellate Division modified the board’s determination by reducing the penalty to a suspension. Both parties appeal from that order.
 

 
 *389
 
 On approximately June 16, 1970 appellant received notice of the charges filed against him. Appellant’s hearing before the Board of Education was commenced on July 7, 1970. In the interim, on July 1, 1970 the amendment to section 3020-a of the Education Law became effective.
 

 Before the July 1, 1970 amendment, disciplinary hearings were held only before the Board of Education. The amended law provided that on request a teacher could receive a hearing before a panel of persons selected from a list provided by the Commissioner of Education (see Education Law, § 3020-a, subd. 3, par. b). The panel would then determine the facts, and recommend an appropriate penalty to the Board of Education. The board then
 
 “
 
 shall determine the case ” and
 
 “
 
 fix the penalty or punishment, if any ” (Education Law, § 3020-a, subd. 4).
 

 Appellant’s attorney requested that his client be given a hearing before a panel pursuant to this new provision of the Education Law. That request was denied and appellant objected. The sole issue of importance on this appeal is whether the board’s refusal to utilize the new bifurcated procedure was error, and if so, whether the error mandates that this determination be vacated and the case remanded for a new hearing in compliance with the provisions of section 3020-a of the Education Law. We feel such a reversal is mandated.
 

 Initially, it must be noted that respondent school board makes no allegation, nor does it submit proof, that it was unable for some legitimate reason to meet the mandates of the new law at the time of appellant’s hearing. And even assuming there was such a problem (e.g., a panel list had not yet been devised), there was no allegation or showing why the board could not adjourn the hearing until the board could comply with the new law.
 

 The sole reason the board did not comply with the mandates of the amended statute at the July 7 hearing is because it thought it did not have to comply. When appellant’s attorney asked for a hearing under the new procedures, the presiding board member replied:
 
 “
 
 Mr. Kaufman, the charges were filed prior to July 1,1970 ” (the effective date of the statute).
 

 Generally, it is up to the Legislature not the court to fix jurisdictional guidelines determining when a statute or amendment to a statute should become applicable
 
 (Simonson
 
 v.
 
 Inter
 
 
 *390
 

 national Bank,
 
 14 N Y 2d 281, 287). The Legislature clearly stated
 
 that the
 
 amendments in question here were to become effective on July 1,1970.
 

 The change in the law affected the procedure to be used in connection with petitioner’s hearing. The substantive rights, those acts which would be considered grounds for punishment, were not changed by the applicable statutory changes. In this respect, the case at bar is similar to the case of
 
 Matter of Berkovitz
 
 v.
 
 Arbib & Houlber
 
 (230 N. Y. 261); That case involved the effect of a new law providing for State enforcement of arbitration clauses on pre-existing contracts and pending actions. The court (per Caedozo, J.) stated pre-existing contracts would be subject to the new provision though cases which were already under adjudication would not. In making the decision relating to the pre-existing contracts, the court stated that the new law “ vindicated by a new method the obligations then existing ”
 
 (id.,
 
 at p. 270). That is the precise situation which confronts us in the case at bar.
 

 Respondent asserts in its brief, that if we held that appellant was entitled to utilize the new procedure, we would be applying the new procedures retroactively. There is no evidence to support such a contention. As Judge Caedozo stated in
 
 Berkovitz (supra,
 
 p. 270),
 
 “
 
 They are retrospective if viewed in relation to the wrongs. They are prospective if viewed in relation to the means of reparation ”. The statute does not apply to any activity the board undertook prior to July 1, 1970.
 

 Respondent asserts that since the charges were made prior to the effective date of the statute, the penalty procedure should be deemed to have been instituted before the effective date of the statute. Even if we were to assume
 
 arguendo
 
 that the penalty or “ remedy ” procedure had been instituted prior to the effective date of the statute, all of the procedures in contention here occurred
 
 after
 
 the effective date of the statute. “ The procedure in an action is governed by the law regulating it at the time any question of procedure arises ’ ’
 
 (Lazarus
 
 v.
 
 Metropolitan El. Ry. Co.,
 
 145 N. Y. 581, 585). In the
 
 Lazarus
 
 case, all procedures but the final rendering of the decision' had been completed when the law was changed. But since the change related to the method in which an arbitrator had to render his decision, the change was held to be applicable': “ He prosecutes
 
 *391
 
 his action subject to the power of the legislature in matters of practice to abrogate rules existing when his action was brought, or make additional rules and all subsequent proceedings will be governed thereby ”
 
 (id.,
 
 at p. 585).
 

 Consequently, even though amended section 3020-a was not in effect when the board brought its action, it was in effect when the hearing arose. Therefore the procedures mandated in amended section 3020-a relating to the hearing procedures to be followed should have been,- utilized by the board.
 

 Accordingly the order of the Appellate Division should be reversed and the petition granted to the extent of remitting the case to Special Term with directions to remand to the Board of Education so that a hearing may be held in compliance with section 3020-a of the Education Law. Since a new hearing is to be held, we do not reach the merits of respondent board’s appeal.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Rabin and Stevens concur.
 

 Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.