■ In the Matter of NOAH WEINBERG, as Commissioner of Social Services of the County of Rockland, as Assignee of SHELLY R., Respondent, v JOHN N., Respondent, and SHELLY R., Appellant.—In a paternity proceeding, the mother appeals, by permission, from an order of the Family Court, Rockland County, dated March 28, 1979, which found respondent John N. (Anonymous) to be the father of the mother's child. Proceeding remitted to the Family Court, Rockland County, to hear and report on the issue of the existence of good cause on the part of the mother to refuse to co-operate in establishing paternity and appeal held in abeyance in the interim. The mother was entitled to the opportunity to establish a claim of good cause for refusing to co-operate in establishing paternity prior to the petitioner, Commissioner of Social Services, requiring her co-operation. During the pendency of the paternity proceeding and prior to the mother's testimony, certain Federal regulations became effective. These regulations gave her the right to written notice of her right to establish good cause for her non-co-operation and specified those items of information which such notice had to provide. In addition, the regulations state that such notice shall be afforded prior to requiring co-operation (45 CFR 232.40). Here, as in *Thorpe v Housing Auth.* (393 US 268), the proceeding was commenced prior to the effective date of the regulation. However, the regulation must be applied because, as was the case in *Thorpe (supra),* the proceeding was still pending and notice was still meaningful at the effective date of the regulation. In the instant case, the mother had not testified as of the effective date. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.