OPINION OF THE COURT
Joseph A. Esquirol, Jr., J.
This is a motion by petitioner pursuant to section 532 of the Family Court Act, as amended by chapter 9 of the Laws of 1981, effective March 2, 1981. Petitioner seeks an order directing the parties in this paternity proceeding to submit to the Human Leucocyte Antigen blood tissue test (hereafter HLA). The recent amendment permits the court to receive HLA test results in evidence to aid in the determination of whether or not the alleged father is or is not the father. Prior to this amendment the results of a blood-grouping test could be received in evidence only if the alleged father was excluded. (See Family Ct Act, § 532, as amd by L 1976, ch 665). This amendment acts to affect the admissibility of blood test results as evidence in a paternity case to reflect the higher level of accuracy scientific progress has achieved in blood testing.
*260 The court notes that respondent frames his opposing papers as if petitioner requested the HLA blood test pursuant to section 418 of the Family Court Act, which is applicable to blood tests in support proceedings, while petitioner has in fact made application for the test pursuant to section 532 of the Family Court Act which relates to blood tests in paternity proceedings, such as the case at bar. The court will treat respondent’s opposing papers as if he were responding to petitioner’s motion as it is actually written.
In opposition to petitioner’s motion, respondent asserts that the application of this amendment to him in a proceeding initiated prior to the amendment’s effective date would fall within the prohibition against ex post facto laws. The doctrine of ex post facto, however, applies only to criminal cases, penal statutes and vested rights. Although it is true that paternity proceedings have quasi-criminal antecedents as they were tried in criminal courts in this city prior to 1962, they are now civil proceedings and are not criminal or even quasi-criminal in nature. (Matter of Commissioner of Social Servs. of City of N. Y. v James, 75 Misc 2d 971.) As no vested rights of respondent would be violated by the ordering of an HLA test in this civil case and no penal statutes are involved, the application of the amendment to this respondent would not violate the rule against ex post facto laws.
In this civil action, respondent might have more appropriately argued that the newly enacted amendment was only to be applied prospectively and not to pending proceedings. As a general rule, absent clear expression of legislative intent to the contrary, amendatory statutes aré to be given prospective application only. (Sessa v State of New York, 63 AD2d 334, affd 47 NY2d 976.) However, there is an exception to this general rule when the amendment is to a procedural statute. Such an amendment applies to pending proceedings. Judge Nanette Dembitz has recently spoken to this point in relation to the HLA amendment in Matter of Jane L. v Rodney B. (108 Misc 2d 709, 711): The objection that the HLA amendment should not apply in a trial nearing completion at the time of its enactment must also be rejected. The principle is well *261 established that “the procedure in an action is governed by the law regulating it at the time any question of procedure arises * * * the legislature may change the practice of the court and *** the change will affect pending actions in the absence of words of exclusion.”
Thus the HLA amendment to section 532 of the Family Court Act, as one affecting the adjective law, is applicable in trials pending at the time of its enactment. (See Matter of Boyle, 208 Misc 942.)
Respondent also opposes petitioner’s motion for an HLA test on the grounds that the ordering of the blood test over his objections would violate respondent’s Fifth and Fourteenth Amendment rights not to incriminate himself. In his affirmation in opposition to the motion, respondent’s cotmsel acknowledges that respondent is married to a woman other than petitioner. Although the papers submitted by respondent do not explicitly state that respondent was married to this other woman at the time petitioner conceived the child who is the subject of this proceeding, the court will assume that to be the case for the purposes of deciding this motion. If, as respondent’s counsel notes, the respondent is found to have fathered petitioner’s child while married to another woman, respondent would potentially be subject to prosecution for adultery. Adultery, although seldom prosecuted, remains a crime under the Penal Law.
While respondent may invoke his Fifth Amendment privilege in a civil case (Lefkowitz v Cunningham, 431 US 801) the United States Supreme Court has rejected the argument that the withdrawal of blood and the use of a resulting blood analysis amounts to a violation of the Fifth Amendment privilege. (Schmerber v California, 384 US 757.)
Accordingly, the court orders, petitioner, Carmen I., her child Robert I., and respondent, Robert K., to submit to the HLA blood tissue test.
The Department of Social Services, as assignee of petitioner, Carmen I., is to assume the cost of conducting the HLA test.
*262 The matter is adjourned to July 28, 1981, Part I, 9:30 a.m. for hearing.