CROUSE-IRVING MEMORIAL HOSPITAL, Respondent, v DAVID
AXELROD, as Commissioner of the Department of
Health of the State of New York, et al., Appellants.

Fourth Department, July 9, 1981

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Stanley Fishman*
and *William J. Kogan* of counsel), for appellants.

*Costello, Cooney & Fearon (Raymond R. D'Agostino* of
counsel), for respondent.

### OPINION OF THE COURT

CARDAMONE, J.

The issue before us is whether an amended regulation
establishing an administrative review procedure may be
given retroactive effect in a pending proceeding. Special
Term held that retroactive application could not be made.
We disagree.

The underlying dispute involves Medicaid reimbursement

rates for the year 1976. Crouse-Irving Memorial Hospital (Crouse-Irving) of Syracuse claims that the rates for that year were improperly calculated and unreasonably related to its costs. In April, 1976, having been informed of the interim nonfinal administrative rate determination, Crouse-Irving initiated a declaratory judgment action seeking a determination that the 1976 rates were illegal and a directive ordering that the rates be recomputed. It appears that Crouse-Irving had employed the same procedure the previous year and was successful in obtaining $473,000 in final settlement of its claims. For some reason this action did not proceed until April, 1980 when an amended complaint was served. In the meantime 10 NYCRR 86-1.17 (b) (now 10 NYCRR 86-1.17 [c]) was promulgated on February 28, 1978. This regulation established a procedure for reviewing a certified rate by providing for a hearing before a rate review officer. Prior to that time there was no right to an administrative hearing on this issue.

The question is whether Crouse-Irving should be allowed to continue its action at law or be forced to pursue the administrative remedy provided for in the amended regulation and not previously available to it.

It is, of course, hornbook law that a party must exhaust administrative remedies as a condition precedent to seeking review of an administrative determination *(Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57). While Crouse-Irving admits this, it claims that it should not have to exhaust administrative remedies that were not available to it at the time the cause of action was commenced. Crouse-Irving further alleges that the retroactive application of 10 NYCRR 86-1.17 (c) would unconstitutionally deprive it of a vested right to maintain the action and that it would be unfair to prolong this case by making it proceed in an administrative forum.

Special Term based its decision on *Greene v United States* (376 US 149). Such reliance is misplaced for several reasons. In *Greene* the Supreme Court found that claimant had exhausted his administrative remedy before initiating a court proceeding and that his entitlement to compensation had become fixed as a matter of substantive right by the

courts under the previous regulation *(Greene v United States, supra,* pp 163-164). Such is not the fact in the instant case. No existing matured right exists here. No substantive right of Crouse-Irving was changed. It was not deprived of a right to challenge these rates or to institute an action at law—at most, the right to seek judicial review is postponed until a final administrative determination is made. In *Lazarus v Metropolitan El. Ry. Co.* (145 NY 581, 586) the court stated that "a law changing procedure applies thereafter as well to actions pending and undetermined when the law was passed as to actions subsequently commenced, unless the former are specially excepted". Further, the subject regulation applies only *to the procedure* for vindicating substantive rights. It does not affect any substantive right that Crouse-Irving may possess. That is, the regulation does not alter the standards used to compute the reimbursement rates. Since Crouse-Irving's right to reimbursement vested prior to the adoption of the regulation, if the regulation affected the method of computing the reimbursement rate it would not be given retroactive effect (see *Greene v United States,* 376 US 149, *supra).* Since 10 NYCRR 86-1.17 (c) affects no substantive right but merely procedure, it must be given retroactive effect *(Matter of Clayton v Clement,* 33 NY2d 386, 390).

The citation in *Greene v United States (supra,* p 160) of an earlier case which held that " 'retrospective operation will not be given to a statute which interferes with antecedent rights' " unless such is the unequivocal import of its terms, has now been clarified and explained in *Thorpe v Housing Auth.* (393 US 268). In this later case the Supreme Court adopted a new "general rule" which stressed that an appellate court must apply the law in effect at the time it renders a decision *(supra,* pp 281-282). More recently the rule in *Greene* was abandoned when the Supreme Court held that "even where the intervening law does not explicitly recite that it is to be applied to pending cases, it is to be given recognition and effect" *(Bradley v Richmond School Bd.,* 416 US 696, 715). Here the intervening regulation promulgated February 28, 1978 specifically provided that it "shall apply to all applications for rate reviews which are pending as of April 1, 1978" (10 NYCRR 86-1.17 [c] [4]). Because

the instant case was a pending administrative proceeding at the time the amendment of the regulation was made, the intervening regulation must be applied *(Matter of Weinberg v John N.,* 77 AD2d 602).

We are persuaded that the rules of retroactivity enunciated by the Supreme Court in *Bradley v Richmond School Bd. (supra)* and the differentiation between procedural rights and matured substantive rights *(Greene v United States, supra; Matter of Clayton v Clement, supra,* at p 390) will not serve as an impediment to the application of the amended regulation to Crouse-Irving. There remains only the argument it makes that where there is under the cited cases a "manifest injustice" to retrospective operation of an intervening regulation it will not be so applied. We find no such circumstances here. Nor do we consider it unjust to require Crouse-Irving to appeal administratively in a case that has been pending for five years. In addition, the result we reach would further the "salutory goals of relieving the courts of the burden of deciding questions entrusted to an agency (see 1 NY Jur, Administrative Law, § 5, pp 303-304), preventing premature judicial interference with the administrators' efforts to develop, even by some trial and error, a co-ordinated, consistent and legally enforceable scheme of regulation and affording the agency the opportunity, in advance of possible judicial review, to prepare a record reflective of its 'expertise and judgment' *(Matter of Fisher [Levine],* 36 NY2d 146, 150; see, also, 24 Carmody-Wait 2d, NY Prac, § 145:346)." *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, *supra,* at p 57.)

Accordingly, the order should be reversed, the motion granted and the complaint dismissed.

DILLON, P. J., DOERR, DENMAN and MOULE, JJ., concur.

Order unanimously reversed, without costs, motion granted and complaint dismissed.