OPINION OF THE COURT
Frank Torres, J.
This is an application by a petitioner in a paternity proceeding for an order directing that the parties and child submit to the red cell and enzyme blood tests.
On January 16, 1981 a verified petition was filed by the Commissioner of Social Services, as assignee of a recipient of public assistance, seeking to establish that the respondent is the father of a child born out of wedlock to the assignor.
On April 3,1981 a Judge of the Family Court of the State of New York ordered that the parties submit to an HLA test. The order did not authorize the red cell and enzyme tests, which tests comprise the balance of what is known as the HLA composite.
The simple HLA test was performed on May 5, 1981 resulting in a conclusion: of .923 plausibility of paternity, which would make the probability of respondent’s paternity of the child herein “likely” under Professor Hummel’s interpretative criteria, as published in the Family Law Quarterly (10 Family LQ 247).
*430 On the basis of the argument that the likelihood of paternity can be determined with far greater accuracy by performing the red cell and enzyme tests, in addition to the standard HLA test, and that all available scientific evidence should be brought before the trier of facts to aid in the truth-finding process, the petitioner requests an order, pursuant to section 532 of the Family Court Act and CPLR 3121 directing the appearances of the parties and child, and submission to the red cell and enzyme blood tests, to be performed at the petitioner’s expense.
The respondent opposes the application for such order on several grounds. First, the respondent contends that such application at a late stage of the proceedings is merely for the purpose of harassing the respondent. Second, the respondent contends that he has already been required to undergo an HLA blood test, with results already received by the court, which report stated that the probability of respondent’s paternity was “likely” according to the test performed. Third, the respondent contends that section 532 of the Family Court Act provides with respect to blood grouping tests, that said tests are not admissible in evidence in paternity proceedings except where a definite exclusion is established by the results. Fourth, the respondent contends that the results of any other tests would not be admissible if it did not exclude paternity. Fifth, the respondent contends that the measure of proof required in this proceeding is “whether in fact the evidence establishes by clear and convincing proof that the respondent is the father; evidence which does not include the results of blood tests”.
The court finds that the proceeding was not ready to proceed to trial upon the hearing of this motion, pretrial discovery not having as yet been completed, a situation that, with the court’s intervention, has been resolved. The respondent is therefore not prejudiced by the request made at this point in the proceeding. The court takes judicial notice of the New York State Legislature’s expressed position that the results of the human leucocyte antigen blood tissue test may be received in evidence to aid the determination of whether the alleged father is or is not the father, and as such, that results of such tests are to assist the trier *431 of fact, to aid the court, and not to benefit one party or the other. The court deems the authorized use by the courts of these current blood testing procedures to be in recognition of the scientific advances achieved, and the recognition that the utilization of these sophisticated tests enhances the ability of a court to more accurately adjudicate these matters. The court rejects the respondent’s contention on the admissibility of blood test results as not consistent with the law as amended. The court further determines that it may, consistent with section 532 of the Family Court Act, avail itself of a further test result, if the result of said test can assist the court in determining with greater accuracy, the likelihood of paternity, the essential issue of this proceeding. The court determines that the report of a future test of the blood of the parties is admissible pursuant to section 532 of the Family Court Act as evidence.
Accordingly, the parties are ordered to appear at the office of the designated physician for the purpose of submitting to such additional blood tests.