CHLOE V. R. MERRILL, an Infant, by Her Mother and Natural Guardian, SUZANNE E. MERRILL, Appellant, v DOUGLAS RALSTON, Respondent.

SUZANNE E. MERRILL, Appellant, v DOUGLAS RALSTON, Respondent.

First Department, July 28, 1983

### APPEARANCES OF COUNSEL

*Suzanne Merrill,* appellant *pro se.*

*Anthony J. Ferrara* of counsel (*Austin V. Campriello* with him on the brief; *Ferrara & Campriello,* attorneys), for respondent.

### OPINION OF THE COURT

FEIN, J.

Petitioner commenced a paternity proceeding in Family Court in 1979. The petition was dismissed after trial in July, 1980 for failure to prove paternity by clear and convincing evidence. We affirmed unanimously without

opinion in November, 1982 (90 AD2d 997). While the appeal was pending, section 532 of the Family Court Act was amended, effective March 2, 1981, to admit the results of the human leucocyte antigen blood tissue tests (HLA) as positive evidence in the determination of paternity at the request of either party (L 1981, ch 9, §§ 2, 3).

In July, 1981, petitioner moved to reopen her paternity proceeding in Family Court, requesting an order that respondent be directed to submit to an HLA test. The Family Court Judge concluded the new law was applicable to this case because it was enacted while the appeal was pending. Because she concluded the Supreme Court had already ordered an HLA test for respondent, in petitioner's related declaratory judgment action, the Judge ruled that petitioner "may submit the results of *that* test" to the Family Court (emphasis added). The Judge's decision, dated October 16, 1981, indicated that the source of her conclusion that there had been such a Supreme Court order was petitioner's affidavit of August 17, 1981. However, the Supreme Court order directing respondent to submit to an HLA test was not granted until September 18, on default of the defendant (respondent). Although this preceded the Family Court order, the Judge was misled in concluding that the Supreme Court had directed an HLA test prior to August 17, 1981.

It is undisputed that thereafter, in March, 1982, upon presentation of what was accepted as a valid excuse for his default which had resulted in the September, 1981 Supreme Court order directing him to submit to an HLA test, respondent obtained a vacatur of that prior order. Justice KIRSCHENBAUM then dismissed the Supreme Court complaint on the ground of *res judicata,* in deference to the prior Family Court adjudication finding lack of proof of paternity, without prejudice to petitioner's application in Family Court for an order to compel respondent to submit to an HLA blood test. When petitioner so moved, Family Court Judge McDONALD, in September, 1982, influenced by the Supreme Court's recent vacatur of respondent's default and dismissal of the action there, rejected petitioner's belated attempt to reopen the Family Court proceeding

for relief based on the new statute. It is this order which we reverse on appeal.

The Family Court Judge acknowledged the great validity and value of HLA tests in establishing paternity and that HLA test results would be admissible as evidence in cases where the trial or proceedings were still pending at the time of enactment of the amendment to section 532 (*Matter of Carmen I. v Robert K.,* 109 Misc 2d 259; *Matter of Jane L. v Rodney B.,* 108 Misc 2d 709). In a prior opinion in the latter case she had urged the adoption of such legislation (*Jane L. v Rodney B.,* 103 Misc 2d 9). However, she was reluctant to give "unlimited retroactivity" to the amendment in our case because it had been tried two years earlier and dismissed eight months prior to the effective date of the amendment. We disagree.

Whether an amendatory statute is to be given retroactive application depends upon the legislative intent and whether the amendment involves procedural or remedial matters as opposed to substantive rights (*Matter of Beary v City of Rye,* 44 NY2d 398; *Matter of Clayton v Clement,* 33 NY2d 386; *Simonson v International Bank,* 14 NY2d 281). Prospective application is the rule "unless the contrary is clearly to be divined" (*Matter of Beary v City of Rye,* 44 NY2d, at p 410; *Matter of Clayton v Clement, supra; Matter of Mulligan v Murphy,* 14 NY2d 223; *Sessa v State of New York,* 63 AD2d 334, affd 47 NY2d 976; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 51, 52). However, it is well established that "the procedure in an action is governed by the law regulating it at the time any question of procedure arises * * * [T]he legislature may change the practice of the court and * * * the change will affect pending actions in the absence of words of exclusion." (*Lazarus v Metropolitan El. Ry. Co.,* 145 NY 581, 585; *Matter of Clayton v Clement, supra.*) The rule we deal with here is one of evidence, a matter of procedural law adopted by a statute having immediate application by its terms (*Matter of Jane L. v Rodney B.,* 108 Misc 2d 709, *supra*). It is entitled to be deemed effective as of the date of the proceedings (*Matter of Clayton v Clement, supra; Lazarus v Metropolitan El. Ry. Co., supra; Matter of Boyle,* 208 Misc 942, 951).

The admissibility of blood test evidence is a rule of evidence (*Schmerber v California,* 384 US 757). As that case holds, a properly administered mandatory blood test does not offend the Constitution and constitutes only a minor intrusion when warranted under the circumstances (384 US, at pp 767-768). The existing law authorized blood testing. The 1981 amendment instituting a more accurate blood test was not a change that affected a substantial right (see *Matter of Catherine H. v James S.,* 112 Misc 2d 429, 431).

In her October, 1981 order the Family Court Judge granted petitioner's motion to reopen the proceedings in the interest of conserving judicial effort, noting that the motion was timely because CPLR 2221, respecting a motion affecting a prior order, anticipated an application made within the time limitations for taking an appeal, and not a motion the purpose of which was designed to extend the time to appeal (*Matter of Van Vleck v Klein,* 50 Misc 2d 622, 623). Judge McDONALD continued: "The law in effect at the time of appeal will govern the appellate court; and if, as seems clear, the appellate court will apply the new law so as to expand the admissible evidence, it is proper, as a measure of efficient use of judicial time and parties' litigation resources, for the *nisi prius* court to apply the same law to reconsider its own decision, saving the need to perfect the appeal."

With respect to that appeal, nothing changed between the time of the Family Court Judge's October, 1981 decision and her subsequent decision 11 months later. The appeal was still pending here, not yet perfected. The Judge rendered her October, 1981 decision in the belief that there was then in existence a Supreme Court order dated prior to August 17, 1981, directing respondent to submit to an HLA test. The fact is there was such a Supreme Court order in existence as of the date of the Family Court October, 1981 order, albeit the Supreme Court order was dated September 18, 1981 and the information provided by petitioner in her August, 1981 affidavit on that motion had been premature. In this regard the only change that had taken place by September 16, 1982, the date of the order subject of this appeal, is that the Supreme Court directive was no longer

in effect. In its place was specific permission from the same Supreme Court Justice for petitioner to seek the same relief — an HLA test authorization, in the Family Court. The passage of time between October, 1981 and September, 1982 in no way altered the importance of the HLA test, or the rights of the parties with respect thereto. What was justified in the interest of judicial efficiency in October, 1981 was equally valid 11 months later.

A number of cases have held the HLA amendment to the statute applicable to trials pending at the time of the enactment (*Matter of Carmen I. v Robert K., supra; Matter of Jane L. v Rodney B., supra*). There are a number of cases to like effect in other areas of the law (*Matter of Reardon,* 25 AD2d 370; *Sackheim v Pigueron,* 215 NY 62, 75).

The Family Court's reliance on *Hrouda v Winne* (77 AD2d 62) is misplaced. That case involved the prior HLA amendment adopted four years after the Family Court had determined that the husband of the deceased mother of the child in issue was the child's father in a proceeding brought by the husband's brother who claimed to be the child's father. The new proceeding was brought eight years after the original determination and four years after the statutory amendment. As noted by the Third Department in dismissing the petition, the child would be put in limbo after eight years awaiting the results of a test promising only increased exclusionary accuracy. Moreover, the proceeding was instituted in the wrong county. The application was belatedly brought in Delaware County Family Court, which had no jurisdiction to vacate a Westchester County Family Court order.

In our case no such problems exist. The statute was amended while the appeal from the prior order was pending. The current proceeding was commenced prior to this court's determination of the prior appeal.

The accuracy of HLA testing in such proceedings has been recognized in the cited cases and, as noted in those cases, has received nationwide recognition. Moreover, in a recent appeal from an order of filiation dated October 23, 1979, made prior to the amendment to the statute, the Second Department noted on remittitur: "We would also

direct the parties' attention to the newly adopted sections 418 and 532 of the Family Court Act, which permit the use of the human leucocyte antigen blood tissue test. The test is highly accurate on the issue of paternity and should be utilized to avoid unnecessary litigation." (*Matter of Joanne O. v Andrew H. W.,* 87 AD2d 615). As this holding suggests, the Family Court Judge should have adhered to her prior reasoning, accepted the suggestion of the Supreme Court and applied the statute retrospectively in ordering an HLA test for respondent. The provisions of the amended statute serve the interests not merely of the litigants, but of the trier of the facts and ultimately the child. The compelling interest of the Legislature and the court in safeguarding the welfare of children and in ensuring their security is manifest. Application of the new rule of evidence is appropriate since the reason for enacting the statute extends to the issue now here (*People v Cornish,* 21 AD2d 280, 283).

The order, Supreme Court, New York County (IRVING KIRSCHENBAUM, J.), entered April 30, 1982, vacating on renewal and reargument a prior order directing defendant to submit to a human leucocyte antigen (HLA) blood-grouping test and granting defendant's motion for summary judgment dismissing on the ground of *res judicata* the complaint which had sought a declaration of filiation against defendant, without prejudice to further application by plaintiff to proceed in Family Court for a direction to submit to such a blood-grouping test, should be affirmed, without costs.

The order, Family Court, New York County (KATHRYN McDONALD, J.), entered September 16, 1982, denying petitioner's motion to reopen her paternity proceeding as well as her motion to direct respondent to submit to a blood-grouping test, should be reversed on the law and the facts and in the exercise of discretion, and petitioner's motion to reopen the paternity proceeding should be granted to the extent of directing respondent to submit to an HLA test within 30 days, and for such other proceedings as are appropriate, consistent herewith, without costs.

CARRO, J. P., SILVERMAN, BLOOM and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on April 30, 1982, is unanimously affirmed, without costs and without disbursements; and order, Family Court, New York County, entered on September 16, 1982, is unanimously reversed, on the law, and the facts, and in the exercise of discretion, and petitioner's motion to reopen the paternity proceeding is granted to the extent of directing respondent to submit to an HLA test within 30 days of the date of this court's order, and for such other proceedings as are appropriate, consistent with the opinion of this court filed herein, without costs and without disbursements.