◼ In the Matter of OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of RANDI F., Appellant, v RAYMOND G., Respondent. — Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered May 19, 1983, which dismissed a petition to adjudicate respondent the father of petitioner's child. ¶ Petitoner, the mother of the seven-year old child who is

the subject of this paternity proceeding, receives public assistance from the Otsego County Department of Social Services. The department filed a petition on her behalf on September 9, 1982, alleging that respondent is the father of the child. ¶ At the hearing, petitioner testified that she had sexual intercourse with respondent on at least three occasions during October of 1976. She also testified that, from September of 1976 to November of 1976, she had sexual relations with no other men. Petitioner stated that when she became aware that she was pregnant, she informed respondent and he requested that she have an abortion, which request she refused. She also stated that respondent told her he would not marry her and asked her not to give the child his name. Petitioner had no further contact with respondent. The child was born on August 14, 1977. A human leucocyte antigen (HLA) test was introduced into evidence which demonstrated a 93.63% probability that respondent was the father of the child. Respondent appeared at the hearing, but offered no proof. ¶ Family Court found that petitioner failed to set forth clear and convincing evidence of paternity and dismissed the petition. This appeal by petitioner ensued. We reverse. ¶ It appears that Family Court was primarily concerned with the fact that, accepting petitioner's proof, the gestation period varied substantially from the norm. If the child was conceived in mid-October of 1976, a normal 38-week gestation period would have resulted in a birth in mid-July of 1977. Petitioner sought to explain this discrepancy by testifying that the child was born postmature. In support, she offered hospital records indicating that the child was born three to four weeks postmature. Family Court rejected this contention because it was not supported by expert medical testimony. While this may have once been the rule (see *Matter of Joanne O. v Andrew H. W.*, 87 AD2d 615; *Matter of Karen K. v Christopher D.*, 86 AD2d 633, 634), the Court of Appeals, in a decision rendered subsequent to that of Family Court, held that in the absence of contradictory evidence, entries on hospital records indicating that a child was born prematurely are sufficient to permit, though not require, the trier of fact to find in accordance with the records, thus corroborating by expert evidence the mother's testimony of prematurity (*Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.*, 59 NY2d 137, 139-140). The same reasoning should apply to proof of a postmature birth. ¶ In the instant case, the hospital records indicating that the child was born three to four weeks postmature corroborate petitioner's testimony regarding that fact as well as the time of conception. While the trier of fact is not required to accept this evidence (*id.*, at p 140), since, in this case, there was no proof introduced to contradict petitioner's testimony or the accuracy of the hospital record, it would be an abuse of discretion not to accept the evidence. ¶ Having overcome the obstacle presented by the variation in the period of gestation, it is our view that the remainder of the proof clearly and convincingly demonstrates paternity. Since respondent offered no proof, petitioner's testimony regarding access stands uncontroverted. Moreover, the failure of respondent to testify allows the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits (*id.*, at p 141). Significantly, the HLA test showed a probability of 93.63%, which would indicate it "likely" that respondent is the father of petitioner's child (1 Schatkin, Disputed Paternity Proceedings [4th ed], § 8.13 [Oct., 1983 Supp], p 97). Respondent offered no proof to challenge the test result or cast doubt on its accuracy, nor did he request red blood cell enzyme or red blood cell serum protein tests which, along with the HLA test, would increase the probability of excluding a nonfather to over 99% (*id.*, at pp 94-97).[*] ¶ We conclude that petitioner established by clear

---

[*] We express no view on the admissibility of the red blood cell enzyme or red blood cell serum protein tests under section 531 of the Family Court Act (see *Matter of Lorraine M. v Linwood M. S.*, 115 Misc 2d 922; contra *Matter of Catherine H. v James S.*,

and convincing evidence that respondent is the father of her child. Therefore, the order must be reversed and the matter remitted to Family Court for consideration of support and such other relief as may be appropriate. ¶ Order reversed, on the law and the facts, without costs, respondent adjudicated to be the father of petitioner's child, and matter remitted to Family Court of Otsego County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.