■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of JEANNE CANNON, Appellant, v BROADY RICHARDSON, Respondent.—Case held, decision reserved and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: The trial of this paternity proceeding commenced on April 21, 1983, testimony was concluded on July 7, 1983, Family Court's decision was rendered on October 14, 1983, and the order dismissing the petition was entered on October 23, 1983. At trial, the court received into evidence, over objection, a report of the human leucocyte antigen (HLA) test, dated October 12, 1982, indicating a 97.04% probability that respondent is the father of the child. The report contained the certification on December 2, 1982 by Dr. James F. Mohn that the test was made under his supervision at the State University of New York at Buffalo (SUNYAB). Also received into evidence was an affidavit of Dr. John Naughton, verified June 16, 1983, stating that he is the Dean of the Medical School at SUNYAB and supervisor of its blood-group and tissue-type laboratories, and that he had designated Dr. Mohn, pursuant to CPLR 4518 (c), to certify and authenticate any and all reports and records relating to HLA tests.

Apart from the HLA test report, the evidence that respondent fathered the child was far from persuasive. The child was born on January 1, 1976, and the mother could not recall the date of her last prenatal menstrual period. An obstetrician testified that the likely date of conception was between March 15 and March 30, 1975. Petitioner admitted that during the period of possible conception, she had an ongoing sexual relationship with another man named Nicholson, and she agreed that respondent had sexual intercourse with her on only one occasion, the date of which was not established with

any precision. When seeking public assistance during her pregnancy, petitioner named Nicholson as the father. Following the birth of the child, she informed the Department of Social Services that the father was unknown, and it was not until February 1982 that she named respondent as the father.

In its decision, Family Court ruled that the results of the HLA test were improperly received in evidence and were to be disregarded. The court found that Dr. Mohn was not a qualified physician and that Dr. Naughton's affidavit did not cure the defect because it antedated the effective date (June 21, 1983) of the amendments to Family Court Act § 532 and CPLR 4518 (c).

We first observe that a court in a nonjury trial should not in its decision reject evidence received at trial without first giving the parties an opportunity to be heard (*Blashfield v Empire State Tel. & Tel. Co.,* 147 NY 520). In any event, we hold that the court erred in refusing to consider the HLA test results. Family Court Act § 532 formerly required that the test be made and the results certified by a qualified physician. By Laws of 1983 (ch 311), Family Court Act § 532 (a) was amended to permit testing by a laboratory approved by the Commissioner of Health, and CPLR 4518 (c) was amended to permit certification by the head of the laboratory or by an employee delegated for that purpose. Since the amendments concerned only a rule of evidence and were entirely procedural in nature, they applied to this ongoing Family Court litigation (*Becker v Huss Co.,* 43 NY2d 527; *Matter of Clayton v Clement,* 33 NY2d 386; *Merrill v Ralston,* 95 AD2d 177).

We have consistently placed reliance upon the accuracy of the HLA test (*Matter of Riley v Benware,* 105 AD2d 1122, 1123; *Matter of Commissioner of Social Servs. v Stephen H.,* 94 AD2d 936). Although this court is empowered to consider the test results and to decide the issue of paternity, we think it more appropriate here to have the benefit of the trial court's collective assessment of the credibility and weight to be afforded all the evidence (*see, Matter of Ferguson v Gonyou,* 110 AD2d 1084). We remit the matter for that purpose and for a new determination of the paternity issue in light of the HLA test results. Additionally, it appears from the record that Nicholson had agreed to submit to an HLA test and that Family Court had granted at least two adjournments for that purpose. When Nicholson was finally available, Dr. Mohn was not, and no further adjournment was granted. Assuming his continuing consent, and a timely opportunity for the taking of such test, the results should be received in evidence and

considered by Family Court in resolving the issue of paternity. In making this observation, however, we do not suggest that Family Court's decision should be unduly delayed. (Appeal from order of Erie County Family Court, Manz, J.—paternity.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.