■ In the Matter of the Guardianship of CHRISTINA NINA B., an Infant. ST. CHRISTOPHER'S HOME, Respondent; DIANE B. et al., Appellants.—In a proceeding pursuant to Family Court Act article 6 to terminate the parental rights of the natural mother of Christina Nina B., (1) the natural mother appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated April 3, 1984, which, *inter alia,* granted a petition to terminate her parental rights on the ground of abandonment, and awarded custody and guardianship of the infant to St. Christopher's Home to place the infant for adoption; and (2) Leslie S., Jr., appeals from an order of the same court, dated April 23, 1984, which, *inter alia,* determined that he was not the infant's natural father and that his consent to any subsequent adoption of the infant was unnecessary.

Orders affirmed, without costs or disbursements.

We reject the contention of the appellant Leslie S., Jr., that his paternity was established by clear and convincing evidence. The record before us reveals that he underwent a human leucocyte antigen (HLA) blood tissue test and that the results of said test excluded paternity on three independent grounds. Our courts have repeatedly recognized the value of the HLA test as a highly accurate and scientifically accepted tool in resolving paternity disputes *(see, Matter of Department of Social Servs. v Thomas J. S.,* 100 AD2d 119, *appeal dismissed* 63 NY2d 675; *Matter of Otsego County Dept. of Social Servs. v Raymond G.,* 103 AD2d 919, *appeal dismissed* 64 NY2d 646; *Matter of Alicia C. v Evaristo G.,* 93 AD2d 820; *Matter of Bowling v Coney,* 91 AD2d 1195; Family Ct Act § 532). Thus, the Surrogate acted properly in concluding that the appellant Leslie S., Jr. failed to prove paternity by clear and convincing evidence *(see generally, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994).

We likewise find unpersuasive the appellant Diane B.'s argument that the evidence adduced at the trial was insufficient to establish that she abandoned her child *(see,* Social Services Law § 384-b [4] [b]; [5] [a]). The record discloses that she repeatedly failed to visit or communicate with the infant despite the respondent's strong encouragement to do so. Given this clear and convincing evidence, the Surrogate properly determined that her indifference evinced an intent to forego

her parental rights and obligations *(see,* Social Services Law § 384-b [5] [a]; *Matter of Julius P.,* 63 NY2d 477). Accordingly, we affirm the orders appealed from. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.