■ NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of REGINA LA MAR, Appellant, v TERRY J. POWELL, Respondent.—Order unanimously reversed, on the law, without costs, petition reinstated and matter remitted to Niagara County Family Court for further proceedings in accordance with the following memorandum: In this filiation proceeding it was error for the court to dismiss the petition at the close of petitioner's proof because petitioner established a prima facie case of paternity. The mother's unequivocal testimony was that she and respondent engaged in a sexual relationship between July and late November or early December 1975, that they did not use any means of birth control, that she became pregnant in September 1975 and gave birth to a full-term child on June 27, 1976. She testified that she did not have sexual relations with any other men during the relevant period. Although she admitted that she never told respondent that he was the father, she explained that failure by her testimony that respondent knew of her pregnancy and told others that he was not responsible. The result of an HLA (human leucocyte antigen) test revealed a 97.16% probability that respondent is the father.

The mother's credibility was called into question by the fact

that she had told petitioner that someone named James Green was the father of the child; nonetheless, she explained that by testifying that she initially named respondent but was denied public assistance because she was unable to give his Social Security number. She was subsequently able to obtain benefits only by naming a fictitious father and a set of circumstances under which it was impossible to obtain the father's Social Security number. Despite being impeached with that prior inconsistent statement, she did not waver in her testimony that respondent was the father. Coupled with an HLA test result which is strongly supportive of the allegation that respondent is the father, the mother's testimony was sufficient to make out a prima facie case of paternity and require respondent to go forward with his proof (cf. *Matter of Commissioner of Social Servs. of County of Erie v Richardson,* 112 AD2d 760; *Matter of Otsego County Dept. of Social Servs. v Raymond G.,* 103 AD2d 919, *affd for reasons stated below* 66 NY2d 901). (Appeal from order of Niagara County Family Court, Halpin, J.—paternity.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.