WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v HAROLD TITCOMB, Respondent.

The presumption of legitimacy was adequately rebutted by the mother's testimony that she had intercourse solely with respondent during June and July of 1982, that she did not have sexual intercourse with her husband following their physical separation in February of 1982 and that she saw her husband once during June of 1982 when he came to the house and said "hi and good-bye" while exercising visitation away from the residence. Contrary to the findings of Family Court, there is no evidence in the record that the mother had intercourse with her husband once a week during July. Indeed the only indication in the record that she had intercourse with her husband at all during July was an equivocal response to a loaded question. At this stage, any inference to be drawn from that response should be viewed favorably to petitioner *(see, Wessel v Krop, supra)*.

Given the testimony as to nonaccess, and considering the mother's testimony regarding sexual intercourse on two specific dates within the critical period as well as other sexual activity with respondent in July of 1982, her testimony that respondent admitted he was the father after the child's birth, the use of respondent's surname as part of the child's given

name, and the results of two HLA tests indicating a 98.4% and 97.5% probability that the respondent is the father, we conclude that the petitioner made out a prima facie case of paternity (cf. *Niagara County Dept. of Social Servs. v Powell,* 120 AD2d 980; *Matter of Duquette v Edward FF.,* 106 AD2d 694, *lv denied* 65 NY2d 602; *Matter of Wayne County Dept. of Social Servs. v Williams,* 96 AD2d 724, *affd* 63 NY2d 658).

We further conclude that the court abused its discretion when it precluded petitioner from calling the husband as a witness. Respondent's demand for the names and addresses of witnesses did not request the names of witnesses to nonaccess, there is no proof that petitioner deliberately withheld the husband's name or whereabouts to prevent discovery, and the likelihood that the husband would be a witness should not have come as a surprise to respondent (see, Family Ct Act § 531; *Matter of Mannain v Lay,* 33 AD2d 1024, *affd* 27 NY2d 690). Upon continuation of the hearing, petitioner's case should be reopened to permit the testimony of the husband as to nonaccess. (Appeal from order of Wayne County Family Court, Maas, J.—paternity.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.