■ In the Matter of WILLIAM R. MOON, as Commissioner of Social Services of Delaware County, on Behalf of LISA CC., Respondent, v JOHN DD., Appellant. (And Another Related Proceeding.)—Mikoll, J. Appeals from two orders of the Family Court of Delaware County (Estes, J.), entered February 19, 1986, which granted petitioners' applications, in proceedings pursuant to Family Court Act articles 4 and 5, to adjudicate respondent as the father of a child born to Lisa CC. and directed respondent to pay child support.

Respondent's contention that Lisa CC. (hereinafter the mother) failed to prove that he is the father of her child by satisfactory, clear and convincing evidence, as required in paternity cases (see, *Matter of Jane PP. v Paul QQ.*, 65 NY2d 994; *Matter of Commissioner of Social Servs. v Philip De G.*, 59

NY2d 137, 141-142), must be rejected. The trial record demonstrates that the required standard of proof has been met in this case and the orders of Family Court should therefore be affirmed.

The evidence established that the mother and respondent, the putative father, had intercourse on only one occasion, the night of February 13, 1984 when respondent visited the mother in her mobile trailer home residence. Both parties testified that there was penetration during sexual intercourse but that respondent did not have an orgasm during that time. However, respondent admitted that he did have a partial erection during intercourse. A full-term baby boy was born to the mother on November 13, 1984. Testimony of a medical expert indicated that emission sufficient to cause conception could occur even when a penis is completely flaccid and that ejaculation is not necessary. The mother also testified that she had sexual intercourse with a male on only one other occasion and that was in August 1982.

Family Court found that based upon the results of a human leucocyte antigen (HLA) test, the probability that respondent was the father of the subject child was 98%. The court also found that the 264 days between the date of intercourse and the date of birth was well within the normal period of gestation. As Family Court held, expert medical testimony was not needed on that issue (see, Matter of Otsego County Dept. of Social Servs. v Raymond G., 103 AD2d 919, 920; Matter of Erie County Commr. of Social Servs. v Boyd, 74 AD2d 728, 729). Family Court also did not err in giving weight to the HLA test results in arriving at its decision (see, Matter of Jane PP. v Paul QQ., supra, at 996). This case turned on the credibility of the mother and Family Court's resolution of the credibility issue should not be disturbed by this court in the circumstances here present (see, Gloria R. v George P. L., 57 AD2d 892, 893).

Respondent raised no issue regarding the amount of the support award on this appeal.

Orders affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.