OPINION OF THE COURT
Bruce M. Kaplan, J.
The objections filed by respondent, Juan B., to Hearing Examiner l’s decision cited two errors: (1) the failure to apply to claims of arrears brought by the Department of Social Services (DSS) the six-year Statute of Limitations governing actions where no time limitation is specifically prescribed by statute (CPLR 213 [1]), and (2) the failure to hold inapplicable to this proceeding the amendments to Family Court Act § 451 (L 1986, ch 892, § 21) which prohibit the court from reducing or annulling child support arrears.
The first objection is sustained. The six-year Statute of Limitations contained in CPLR 213 (1) governs claims for child support arrears based on its clear language and its construction in Tauber v Lebow (65 NY2d 596).
In that case the Court of Appeals characterized the principal issue as whether causes of action for child support and alimony are barred by the Statute of Limitations. It held that the six-year Statute of Limitations contained in CPLR 213 (1) was applicable to claims for child support and arrears, and barred claims for amounts owing more than six years prior to the commencement of the action.
The Hearing Examiner opined that Tauber (supra) was inapplicable because it involved a private action, and this case involves the Department of Social Services. This conclusion is untenable. Tauber (supra) held without qualification that the six-year Statute of Limitations contained in CPLR 213 (1) can be asserted against a claim for child support arrears because no other time limitation has been specifically prescribed by statute. It is evident that neither CPLR article 2, the Family Court Act, the Social Services Law nor any other statute specifically prescribes a Statute of Limitations for arrears claims brought by the Department of Social Services. In its absence CPLR 213 (1) is applicable.
*655 It is unfortunate that the Hearing Examiner misstates the terms of CPLR 201 by saying "the section states only that for actions brought for the benefit of the state the relevant statute of limitations must be found within this Article, Article 2.” The section states nothing of the sort. It states that "[a]n action, including one brought in the name or for the benefit of the state, must be commenced within the time specified in this article unless a different time is prescribed by law”.
The Hearing Examiner while noting that this case involved a "public” rather than a "private” cause of action never stated why CPLR 213 (1) isn’t applicable. He made some vague references to the difficulties of DSS keeping records, and the necessity of not cutting off the public till. He concluded that the Department of Social Services should be afforded a greater time in which to commence an action without stating a specific appropriate one. The characterization of Tauber (supra) constituting a "weak strand” on which to base the applicability of a six-year Statute of Limitations was infelicitous. It represents an unseemly lack of deference to the unequivocal holding of our State’s highest court based on the clear language of a controlling statute. The Hearing Examiner’s conclusion that there should be a different Statute of Limitations for private and public causes of action with respect to child support enforcement based on a perceived public policy rationale, is bereft of any statutory or decisional authority.
The Hearing Examiner’s position is not aided by the reading of Family Court Act § 451 advanced by the Department of Social Services’ rebuttal. It is indeed a bootstraps argument to conclude that because child support arrears cannot be canceled this would serve to inhibit the interposition of the Statute of Limitations.
The availability of a specific Statute of Limitations is an issue separate and distinct from the applicability of a provision forbidding cancellation of arrears. In order to cancel arrears there must first be a determination that arrears as opposed to a claim for arrears have accrued. The clear holding of Tauber (65 NY2d 596, supra) is that the claim for arrears allegedly occurring more than six years prior to the filing of the petition is time barred. That ruling precluded the making of such a claim. In this matter respondent’s successful assertion of the Statute of Limitations barred even the making of a *656 claim for moneys allegedly owed prior to September 12, 1980 and precluded a finding of arrears with respect to that period.
Conversely, the Support Enforcement Act of 1985 (L 1985, ch 809) eliminated the discrepancy that existed in Statutes of Limitation governing paternity proceedings brought by private litigants and those brought by the Department of Social Services, by increasing both to 21 years. In view of the elimination of that long-standing public-private dichotomy the Hearing Examiner’s position becomes even more untenable.
The second objection claimed that the Hearing Examiner improperly gave retroactive application to the 1986 amendment to Family Court Act § 451 because the violation petition was filed on July 17, 1986, and the amendment was effective August 5, 1986. This objection lacks merit.
The Hearing Examiner correctly refused to cancel arrears for child support because Family Court Act § 451 prohibited cancellation, nor did he apply this statute retroactively. The amendment became effective August 5, 1986. The application to cancel child support arrears was not made until October 7, 1986, some two months after the amendment had become effective.
Respondent would have this court relate back his October 7, 1986 application to July 17, 1986, the date the petition to collect arrears was filed. The court refuses to do so. The legislative history of Family Court Act § 451 clearly indicates a disaffection with the all too prevalent practice of permitting respondents to petition for cancellation of arrears only after they had been served with violation petitions, and the courts granting retroactive cancellation upon a showing of good cause.
The Legislature intended to prohibit cancellation of child support arrears even where good cause was shown where the application was made subsequent to August 5, 1986.
The 1986 amendments to Family Court Act § 451 must be applied prospectively for two reasons. It is a settled rule of statutory construction that a statute would be applied prospectively. (McKinney’s Cons Laws of NY, Book 1, Statutes § 51; Matter of Parkchester Apts. Co. v Lefkowitz, 51 AD2d 277 [1st Dept 1976], affd 41 NY2d 987.)
More importantly, the amendment to Family Court Act § 451 eliminated a right that existed prior to August 5, 1986. As a general rule the statutes would not be applied retroactively where it would deprive one of a substantial right or *657 affect or interfere with antecedent rights. (McKinney’s Cons Laws of NY, Book 1, Statutes § 53.) It is rare to find instances where a statute has been applied retroactively in derogation of a substantial existing right. As a result, it is difficult to find a Court of Appeals decision enjoining retroactive application later than Addiss v Selig (264 NY 274). In Addiss (supra) an amendment to the Insurance Law which sheltered all insurance proceeds from creditors’ claims was held inapplicable to preexisting creditors whose rights were extant prior to the statute’s effective date.
In contrast, where a statute is merely procedural, it will be deemed applicable to proceedings commenced before its effective date if the statute has become effective at the time the matter is before the trial court, or if it becomes effective prior to the exhaustion of the appellate process. (Matter of Clayton v Clement, 33 NY2d 386; Merrill v Ralston, 95 AD2d 177 [1st Dept 1983].)
If respondent had filed his application to cancel arrears prior to August 5, 1986, the statute which allowed him to make such application for cancellation of child support arrears on good cause shown would be applicable even though the matter was not heard until subsequent to August 5, 1986.
His failure to assert this claim prior to the effective date of the amendment barring such claims precluded him from asserting it now.
On the other hand, the statute left extant the provision for canceling other arrears when good cause was shown for failure to make application for relief from the order directing payment prior to accrual of the arrears.
The order in question was for the assignor and three children, and was unallocated. Since the Hearing Examiner is authorized to determine what portion of the support order is allocable to the assignor, and having found good cause for respondent’s late filing, he should determine to what extent spousal arrears accrued subsequent to July 17, 1981 should be canceled. Accordingly, this case is remanded to Hearing Examiner 1 on June 16, 1987 for that purpose.
The objections are sustained to the extent of canceling any alleged arrears accruing prior to July 17, 1980, and finding that respondent was in arrears in the amount of $2,957.50 as of October 28, 1986. The court reached this figure by taking respondent’s figure of $2,697.50, and adding it to the amount of $260. Respondent’s contention that the $810 he paid in *658 1980 should be entirely applied to the $675 due in the later half of 1980, instead of applied evenly throughout the year, lacks merit. The court has allocated $415 as the amount paid subsequent to July 17, 1980 leaving a balance due for that year of $260.