■ In the Matter of ALFONZO T., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CASSIE L. et al., Respondents. [914 NYS2d 488]—

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered December 9, 2009 in a proceeding pursuant to Family Court Act article 10. The order dismissed the petition with prejudice.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the petition against respondent Alfonzo H. with respect to the May 2009 altercation and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, to reopen the fact-finding hearing on that part of the petition.

Memorandum: Petitioner appeals from an order that granted the motion of respondent parents to dismiss the instant neglect petition against them, with prejudice, at the close of petitioner's case. According to the allegations in the petition, the subject child has been neglected by his parents based upon, inter alia, his exposure to a series of domestic violence incidents that occurred between his parents between May 2008 and January 2009. Contrary to petitioner's contention, Family Court did not err in refusing to admit evidence of those domestic violence incidents at the hearing on the petition. As the court properly

determined, any allegations concerning those incidents were raised or could have been raised in a separate petition previously filed by petitioner against both parents in January 2009, in which petitioner previously had alleged that they neglected the subject child. We determined in petitioner's appeal from the order dismissing that petition that Family Court properly granted that part of the motion of the parents seeking dismissal of the petition against the mother with prejudice on the ground petitioner failed to establish a prima facie case against her, but we agreed with petitioner that the court erred in dismissing the petition against the father " 'insofar as the petition alleges that his 'alcohol abuse impairs his ability to safely care for [the child]' " (*Matter of Alfonzo H. [Cassie L.]*, 77 AD3d 1410, 1411 [2010]). Both the previous petition and the instant petition involve the same parties, and both petitions alleged the same theory of neglect, i.e., imminent danger to the subject child due to his exposure to a series of domestic violence incidents that required police intervention occurring between May 2008 and January 2009. Thus, petitioner's present claim that the child was neglected is "grounded on the same . . . series of transactions as the prior action," and the court properly excluded on the ground of res judicata not only those discrete incidents of domestic violence that occurred between May 2008 and January 2009 that were previously raised, but also evidence of all such incidents occurring in that time frame (*Fogel v Oelmann*, 7 AD3d 485, 486 [2004]; *see generally Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981], *rearg denied* 55 NY2d 878 [1982]; *Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]). In so concluding, we note that petitioner could have discovered all of these domestic violence incidents that had occurred during that time frame prior to the filing of the previous petition with the reasonable exercise of due diligence, and we therefore conclude that petitioner had a full and fair opportunity to litigate the instant theory of neglect in connection with the prior petition. To hold otherwise under the circumstances of this case would allow government agencies such as petitioner to bring successive proceedings alleging the same theory of neglect until the desired result was obtained, with the status of the child remaining undetermined throughout (*see Matter of Yan Ping Z.*, 190 Misc 2d 151, 157 [2001]).

We agree with petitioner, however, that the court erred in granting that part of the parents' motion to dismiss the petition against the father at the close of petitioner's case. Petitioner presented evidence that, during a May 2009 altercation between the parents, the father was wielding a knife and pushed the mother onto the bed where the six-month-old child was lying.

Viewing the evidence in the light most favorable to petitioner, and resolving all questions of credibility in petitioner's favor, we conclude that a trier of fact could find by a preponderance of the evidence, based on that single incident, that the child was in imminent risk of being physically injured by the father's actions (*see Matter of Pedro C.*, 1 AD3d 267 [2003]; *see generally Wayne County Dept. of Social Servs. v Titcomb*, 124 AD2d 989 [1986]). We therefore modify the order accordingly. Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.