OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 Petitioner is a physician licensed to practice medicine in New York State. Respondent Commissioner of Education has found him guilty of professional misconduct and suspended his license for two years, the last 22 months stayed. After two months, petitioner will be placed on probation for the remainder of the suspension. Respondent Commissioner’s decision was based upon a determination of respondent Board of Regents which adopted the determination of its Review Committee made after an expedited hearing
 
 (see,
 
 Public Health Law § 230 [10] [m] [iv]). The Review Committee’s determination was based upon findings made by the Department of Social Services in a prior unrelated proceeding that petitioner had provided an unacceptable level of care and inappropriate treatment to Medicaid recipients, failed to state a diagnosis in many cases, ordered excessive laboratory tests and engaged in several unacceptable practices in violation of 18 NYCRR part 515. The findings were made after a full administrative hearing and resulted in DSS revoking petitioner’s Medicaid eligibility.
 

 In the proceedings before the Regents Review Committee, it held petitioner was estopped from challenging the findings of DSS and limited to presenting evidence relating to the nature and severity of the punishment to be imposed upon him.
 

 In this article 78 proceeding, petitioner claims that collateral estoppel was improperly invoked by the RRC because he had been denied a full and fair opportunity to litigate the issues presented in the DSS proceedings. His argument is based upon claims that he was denied effective assistance of
 
 *936
 
 counsel before DSS and that he did not have an incentive to fully litigate the issues there because he was unaware that the DSS determination would also be used as a basis for action against his license to practice medicine. He also challenges RRC’s use of the DSS findings to conduct an expedited hearing.
 

 The doctrine of collateral estoppel precludes a party from relitigating in a subsequent proceeding an issue clearly raised and decided against that party even if the tribunals or causes of action are not the same
 
 (Ryan v New York Tel. Co.,
 
 62 NY2d 494, 500;
 
 Capital Tel. Co. v Pattersonville Tel. Co.,
 
 56 NY2d 11, 17). Before the doctrine may be invoked there must be "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and * * * there must have been a full and fair opportunity to contest the decision now said to be controlling.”
 
 (Schwartz v Public Adm’r of County of Bronx,
 
 24 NY2d 65, 71;
 
 see also, Gilberg v Barbieri,
 
 53 NY2d 285, 291.)
 

 Petitioner, as the party opposing collateral estoppel, had the substantial burden of establishing that he did not have a full and fair opportunity in the DSS proceeding to contest its decision
 
 (see, Schwartz v Public Adm’r of County of Bronx, supra,
 
 at 73;
 
 B. R. DeWitt, Inc. v Hall,
 
 19 NY2d 141, 148). He could do so before RRC by addressing factors such as the nature of the forum and the importance of the claim in the prior DSS litigation, the incentive and initiative to litigate there and the actual extent of the litigation, the competence and expertise of his counsel, the availability of new evidence, differences in applicable law and the foreseeability of future litigation
 
 (see, Ryan v New York Tel. Co., supra,
 
 at 501). He failed to satisfy that burden.
 

 In attempting to do so, petitioner contended first that his counsel, who simultaneously represented a colleague at the DSS hearing, had a conflict of interest. He failed, however, to identify the nature of the conflict or how it prejudiced him. Petitioner also asserted that he lacked sufficient incentive and initiative to litigate the charges leveled against him by the DSS but he offered no evidence to support this allegation and the record indicates otherwise. The DSS proceedings lasted four days and petitioner fully participated in them by introducing evidence and cross-examining witnesses. He knew that
 
 *937
 
 an adverse decision by DSS placed him in jeopardy of being suspended from the Medicaid program on a State-wide basis for a period of two years and that a considerable number of his patients were subsidized by the medical assistance program. Thus, petitioner had the opportunity and ample reason to forcefully defend himself at the DSS proceeding and, in the absence of evidence indicating otherwise, we conclude that he did so.
 

 Nor was petitioner denied an opportunity by RRC to prove that he did not have a full and fair opportunity to contest the decision of DSS. He attempted to address the issue at the hearing before RRC but did not submit factual support for his claim although the Committee had repeatedly informed petitioner on several earlier occasions that he should do so by submitting documentary evidence, a written answer, a brief or sworn testimony.
 

 Finally, petitioner contends that the Committee improperly decided the charges against him in an expedited proceeding. The Public Health Law provides for expedited proceedings when charges of professional misconduct are based solely upon an agency’s final determination of a “violation of a state or federal statute or regulation” and where the "determination would constitute professional misconduct pursuant to section sixty-five hundred nine of the education law” (Public Health Law §230 [10] [m] [iv]). DSS did not find petitioner had violated Education Law § 6509. It did find petitioner had violated several rules and regulations and respondent Commissioner properly equated these findings with violations of Education Law § 6509 (2) and (9) to sustain the charges that petitioner practiced medicine with negligence on more than one occasion (charge 3) and that he ordered excessive tests and unwarranted treatment and use of treatment facilities (charge 6). Accordingly, we find no error in RRC employing this expedited procedure or in respondent Commissioner’s determination that petitioner was guilty of professional misconduct.
 

 We have considered petitioner’s remaining arguments and find them either unpreserved or without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Judgment affirmed, with costs, in a memorandum.