OPINION OF THE COURT
Simons, J.
Petitioner is a psychiatrist licensed to practice medicine in New York State. Respondent Commissioner of Education has found him guilty of professional misconduct, suspended his license for five years (four of which were stayed while petitioner was placed on probation) and ordered him to perform 100 hours of community service. Respondent’s finding followed an expedited hearing before the Regents Review Committee (RRC) limited to evidence relevant to the penalty to be imposed (see, Public Health Law § 230 [10] [m] [iv]). RRC’s finding of professional misconduct rested on a determination by the Department of Social Services (DSS), in a prior unrelated proceeding, that petitioner was guilty of failing to maintain proper records for his Medicaid patients in violation of DSS regulations. DSS revoked petitioner’s Medicaid eligibility as a result of those violations.
Petitioner commenced this CPLR article 78 proceeding claiming that under Education Law § 6509 (9) respondents could not suspend his license in an expedited procedure based upon the DSS determination, but had to find him guilty of violating regulations of the Department of Education following a full hearing. The Appellate Division agreed and remitted the matter to the Board of Regents for a de nova hearing on the charges. It held that the language and purpose of the regulations of the two departments were so disparate that they could not be used to support RRC’s conclusion that a violation of the DSS regulations also constituted professional misconduct under the Education Law. On this appeal, respondents contend that use of the expedited procedure was proper because the DSS findings conclusively established petitioner’s guilt of professional misconduct under the Education Law. We agree and, therefore, reverse.
The Public Health Law permits expedited proceedings when *678 charges of professional misconduct are based upon an agency’s final determination of a violation of a State statute or regulation and that determination would constitute professional misconduct under Education Law § 6509 (see, Public Health Law § 230 [10] [m] [iv]; Matter of Hee K. Choi v State of New York, 74 NY2d 933, 937). Education Law § 6509 (9) incorporates into the statutory provision "unprofessional conduct” as defined in the Board of Regents’ rules and includes failure "to maintain a record for each patient which accurately reflects the evaluation and treatment of the patient” (8 NYCRR 29.2 [a] [3]). In this case, respondents charged petitioner with violating the Board’s record-keeping rule* and relied on the findings made by DSS in the prior unrelated proceeding involving violations of DSS’ record-keeping requirements (see, 18 NYCRR 515.1 [a]; former 515.2). Based upon these charges and findings, it employed the expedited Public Health Law procedure and sustained the charges.
In Matter of Hee K. Choi v State of New York (74 NY2d 933, 937, supra), we addressed the use of the expedited procedure by the RRC and the Commissioner of Education and held that they had properly equated the DSS findings with violations of Education Law § 6509 (2) and (9) to sustain the charges of professional misconduct. The test in determining whether the expedited procedure could be so employed, we said, is not whether the language and purpose of the regulations violated are the same or interchangeable but whether the findings which supported the previous agency determination could also support a finding of professional misconduct under Education Law § 6509. Consistent with Choi, the DSS findings relied on by the RRC in this expedited disciplinary proceeding support its determination of professional misconduct under the Education Law.
The Department of Social Services charged petitioner with violating the provisions of 18 NYCRR former 515.2 (a) and (b) (12) defining unacceptable practices by a Medicaid provider. These DSS standards specifically incorporated the Education *679 Department’s record-keeping regulation and violation of it was a material element of the DSS charges against petitioner. Thus, in sustaining the charges, DSS found petitioner guilty of violating the very same Education Department regulation relied on by respondents in this professional misconduct proceeding. Indeed, the Administrative Law Judge in the DSS hearing, quoting the Board of Regents rule set forth at 8 NYCRR 29.2 (a) (3), found that "petitioner has committed the unacceptable practice quoted above, including the commission of unprofessional conduct in the practice of medicine, by 'failing to maintain a record for each patient which accurately reflects the evaluation and treatment of the patient.’ ” Based upon this finding, RRC could conduct an expedited hearing to determine whether petitioner was guilty of professional misconduct under section 6509 (9) of the Education Law.
Even without this finding, however, there are other factual findings made by DSS, and relied on by RRC, which support the finding of professional misconduct. Most notable is the Administrative Law Judge’s finding that petitioner had failed to keep records for at least 14 of his patients and that these omissions constituted a violation of the DSS record-keeping regulation, which required him to maintain a record for each patient which "fully disclose[d] the extent of the care, services or supplies furnished” (18 NYCRR former 515.2 [b] [11]). As a result of this finding, RRC concluded in the expedited disciplinary proceeding that petitioner had also violated the Department of Education’s record-keeping regulation, which required him to maintain a record for each patient which "accurately reflected] the evaluation and treatment of the patient” (8 NYCRR 29.2 [a] [3]). Its conclusion is supported by the record: If petitioner failed to keep any records revealing the "extent of the care, services or supplies furnished” to his patients, as required under the DSS record-keeping provision, he necessarily failed to keep any records which "accurately reflected] the evaluation and treatment of the patients” as required by the Department of Education’s record-keeping provision. Thus, we conclude that it was proper for respondents to resort to the expedited procedure authorized by Public Health Law § 230 (10) (m) (iv) because the DSS findings RRC relied on support a finding of professional misconduct.
Petitioner also challenges the use of the expedited procedure on the grounds of fairness contending that he did not have a full and fair opportunity to litigate the issue of professional misconduct in the prior DSS proceeding because *680 at the time of the DSS hearing Public Health Law § 230 (10) (m) (iv), the relevant statutory provision giving the determination of one agency preclusive effect in a proceeding by another agency, had not yet been passed. He claims that at no time during the course of the DSS proceeding was it foreseeable that his license to practice medicine might be affected by that proceeding. The fact that Public Health Law § 230 (10) (m) (iv) was amended to include cases of professional misconduct after the DSS proceeding but prior to the professional misconduct proceeding does not, in and of itself, change the result here since the procedure in an action is governed by the law regulating it at the time any question of procedure arises (see, Matter of Clayton v Clement, 33 NY2d 386, 390; Matter of Saleem v Commissioner of Educ., 133 AD2d 953, 954; Matter of Kaplan v Board of Regents, 87 AD2d 952, 953).
Moreover, petitioner should have anticipated that the DSS determination could be used in the professional misconduct proceeding because under long-settled principles of collateral estoppel, the determination of administrative agencies are entitled to preclusive effect (see, Matter of Hee K. Choi v State of New York, 74 NY2d 933, 936, supra; Ryan v New York Tel. Co., 62 NY2d 494, 499). Thus, even absent the expedited procedure mechanism, petitioner could have been precluded from introducing at a disciplinary hearing any new evidence on the charge of violating the Department of Education’s record-keeping regulation so long as the elements of collateral estoppel had been met, i.e., there was an "identity of the issue[s]” necessarily decided in the prior action or proceeding and "a full and fair opportunity” to contest the decision now said to be controlling (Ryan v New York Tel. Co., supra, at 500-501; Matter of Hee K. Choi v State of New York, supra, at 936).
Here, respondents have met their burden of establishing those elements — the DSS findings relied on by respondents and previously specified support the conclusion that DSS necessarily decided in its Medicaid proceeding the issue of whether petitioner violated the Department of Education record-keeping regulation. However, petitioner has failed to meet his burden of demonstrating that he lacked a full and fair opportunity to litigate that issue in the DSS proceeding. Indeed, the record indicates otherwise. Petitioner knew that an adverse decision by DSS would result in a permanent suspension from the Medicaid program and reimbursement of over $70,000. Moreover, he had been specifically charged by *681 DSS with violating Department of Education regulations, which should have put him on notice of the possibility of future proceedings by the Department of Education. Finally, petitioner fully participated in the DSS proceeding: he was represented by counsel, was given an opportunity to introduce evidence, present witnesses on his behalf, and cross-examine the Department’s witnesses.
Accordingly, the order of the Appellate Division insofar as appealed from should be reversed, with costs, and respondent’s determination finding petitioner guilty of unprofessional conduct pursuant to 8 NYCRR 29.2 (a) (3) and imposing a penalty therefor be reinstated.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order, insofar as appealed from, reversed, etc.

 Respondents also found petitioner guilty of a second charge dealing with a willful violation of a regulation (see, 8 NYCRR 29.1 [b] [1]), but they do not appeal that part of the Appellate Division order annulling that determination. Thus, this appeal deals only with petitioner’s record-keeping violation (8 NYCRR 29.2 [a] [3]). However, there is no need to remand the matter for consideration of a new penalty as a result of our reversal and confirmation of the charge because petitioner’s license was suspended concurrently on each charge (see, Matter of Okereke v State of New York, 129 AD2d 373, 377, lv denied 70 NY2d 611; Matter of Turley v Board of Regents, 54 AD2d 1020, 1021).