■ In the Matter of the Estate of CHARLES J. DAVID, Deceased. RICHARD BARNASKEY, Respondent; RICHARD C. DAVID, as Administrator C. T. A. of the Estate of CHARLES J. DAVID, Deceased, Appellant. [714 NYS2d 175] —Order unanimously reversed on the law with costs and petition dismissed. Memorandum: Petitioner purchased real property on Crystal Lake subject to a 99-year lease granted by the previous owners to Charles J. David (decedent). Decedent bequeathed the leasehold to his widow, Ruth, who subsequently bequeathed it to her children. Petitioner commenced this proceeding seeking to compel respondent, as administrator C. T. A. of decedent's estate, to obtain petitioner's consent to the assignment of the leasehold interest or to deliver possession of the property to petitioner.

Contrary to respondent's contention, petitioner is not collaterally estopped from raising the substantive issue in this

proceeding based on the dismissal of a prior action brought by petitioner in Henderson Town Court. Although the substantive issue raised herein was raised in the prior action, the action was dismissed on a procedural ground and the substantive issue was not decided (*see, Matter of Hee K. Choi v State of New York*, 74 NY2d 933, 936).

Surrogate's Court erred, however, in determining that Real Property Law § 236 applies to this proceeding and in granting the petition based on that statute. Section 236 applies only to leases entered into after its effective date in 1965, and the lease at issue was entered into in 1961. Nor do we agree with the court that the general anti-assignment clause in the lease bars the transfer of the leasehold at issue. "On the death of the tenant, his property was transferred to the executors of his will by operation of law. They had capacity to take and to dispose of it. If it had been the intention of the parties that the personal representatives of the tenant should not dispose of the lease as assets of the testator, the provision against assignment should have been directed to th[at] particular fact" (*Francis v Ferguson*, 246 NY 516, 518-519). Absent unequivocal language in the lease prohibiting decedent's legal representative from assigning decedent's interest in the leasehold, the provisions of the lease may not be construed to prohibit assignment of the leasehold without the petitioner's consent, despite a general anti-assignment clause (*see, Morris v Canadian Four State Holdings* [appeal No. 2], 254 AD2d 705, 706). Therefore, petitioner is not entitled to the relief sought in the petition. (Appeal from Order of Onondaga County Surrogate's Court, Wells, S.—Real Property Law.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.