■ In the Matter of the Estate of MARIO BLANCO, Deceased. SUZANNE BLANCO ROGERS, Appellant; ORRA REALTY CORP., Respondent. [874 NYS2d 130]—

In a proceeding pursuant to SCPA 2103 to recover a mortgage

and promissory note given to the decedent by the mortgagor, Leonard Shumsey, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated June 23, 2008, which granted the motion of Orra Realty Corp. pursuant to CPLR 3211 (a) (5) to dismiss the proceeding.

Ordered that the order is affirmed, with costs payable by the estate.

The petitioner, Suzanne Blanco Rogers, as administrator of the estate of Mario Blanco (hereinafter the Estate), commenced this proceeding against Orra Realty Corp. (hereinafter Orra) pursuant to SCPA 2103 to recover a mortgage and promissory note given to the decedent by the mortgagor Leonard Shumsey, which the decedent assigned to Orra as collateral for a loan. Orra moved to dismiss the proceeding, inter alia, on the ground that it was barred by the doctrine of collateral estoppel. The Surrogate's Court granted the motion. We affirm.

In a prior action commenced in the Supreme Court, Orra sued Shumsey, inter alia, to recover on the promissory note and the Estate moved for leave to intervene in that action, on the grounds, inter alia, that the Estate was committed to paying off Orra's loan to the decedent, and that by permitting Orra to recover from Shumsey, Orra would obtain a windfall. By order dated March 30, 2007, the Supreme Court denied the Estate's motion for leave to intervene, finding that Orra was the holder in due course of the note and that the Estate had failed to "demonstrate its interest in the outcome of the action."

Thereafter, the Estate brought the instant proceeding. In support of its motion to dismiss the proceeding, Orra demonstrated that the issues of ownership of and entitlement to the assets in question were raised, necessarily decided, and material in the prior action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Matter of Hee K. Choi v State of New York*, 74 NY2d 933 [1989]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 502 [1984]; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530 [1999]). In opposition, the Estate failed to demonstrate that it was not afforded a full and fair opportunity to litigate the issues in the prior action (*see Jeffreys v Griffin*, 1 NY3d 34, 40 [2003]; *Matter of Hee K. Choi v State of New York*, 74 NY2d 933 [1989]; *Ryan v New York Tel. Co.*, 62 NY2d at 502). Thus, the Surrogate's Court properly granted Orra's motion to dismiss the proceeding as barred by the doctrine of collateral estoppel.

The Estate's remaining contentions are either without merit or not properly before this Court. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.