■ FAIRPOINT COMPANIES, LLC, Plaintiff, v NANCY MC-CORMICK VELLA et al., Defendants. MID-ATLANTIC WATERPROOF-ING OF NY, INC., Third-Party Plaintiff, v MARLBORO GROUP INTERNATIONAL, LLC, Third-Party Defendant. NANCY MC-CORMICK VELLA, Appellant, v FAIRPOINT COMPANIES, LLC, Respondent. [22 NYS3d 49]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 20, 2015, which, to the extent appealed from, denied plaintiff Nancy McCormick Vella's motion to amend her complaint to add Marlboro Group International, LLC (Marlboro) as a defendant under an alter ego theory, unanimously affirmed, without costs.

Leave to amend a pleading " 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *see also* CPLR 3025 [b]). The movant need not establish the merit of her proposed new allegations, but only that "the proffered amendment is not palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010]).

To state a veil piercing claim, the plaintiff is required to show that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Here, although plaintiff has sufficiently alleged that Marlboro dominated Fairpoint Companies, LLC (Fairpoint) with respect to the work that Fairpoint performed

on her property, she failed to allege that Marlboro abused the corporate form of Fairpoint for the purpose of committing wrongdoing against or to avoid obligations to her (see *TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.