Vella v Fairpoint Cos., LLC (2023 NY Slip Op 02198)

Vella v Fairpoint Cos., LLC

2023 NY Slip Op 02198

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 150611/12 Appeal No. 139 Case No. 2022-02264 

[*1]Nancy McCormick Vella, Plaintiff-Appellant,
v
Fairpoint Companies, LLC, et al., Defendants-Respondents.

Wasserman Grubin & Rogers, LLP, New York (Douglas J. Lutz of counsel), for appellant.
Zisholtz & Zisholtz, LLP, Garden City (Joseph McMahon of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered October 19, 2021, which, to the extent appeal from, granted plaintiff's motion for clarification of an order, same court and Justice, entered March 22, 2016, to the extent of declaring that portion of the 2016 order granting plaintiff leave to amend the complaint to add Marlboro Group International, LLC (Marlboro) as a party defendant was a nullity, unanimously reversed, on the law and the facts, without costs, and that portion of the 2016 order granting plaintiff leave to amend the complaint to add Marlboro as a defendant reinstated.
This matter arises out of a dispute regarding renovation work on five-story residential building purchased by plaintiff in August 2008. Following the purchase, plaintiff hired defendant Fairpoint Companies, LLC (Fairpoint) as general contractor to perform renovations. Defendant Marlboro was also a general contractor and construction manager and it shared owners, principals, employees, officers, telephone numbers and e-mail addresses with defendant Fairpoint.
In 2012, plaintiff commenced this action (the Vella action) against Fairpoint, asserting causes of action for (1) breach of contract, (2) negligent construction, (3) breach of implied warranty, (4) fraud, (5) negligent misrepresentation, and (6) "willful exaggeration of a mechanic's lien." According to plaintiff, Fairpoint failed to pay subcontractors, resulting in mechanic's liens on the property, performed defective and shoddy work, failed to finish the work, and overcharged her for the work performed. Prior to the commencement of that action, Fairpoint commenced an action (the Fairpoint action) against plaintiff to foreclose on its mechanic's lien. This action and the Fairpoint action were consolidated "to the extent of consolidating the matters for joint trial and discovery" by order dated January 15, 2013.
In March 2014, plaintiff moved to amend her complaint to add Marlboro as a defendant. By order dated March 17, 2015, filed March 20, 2015 (the 2015 order), the motion court denied plaintiff's motion. The order was issued under the Fairpoint action Index number. Plaintiff appealed, and on December 29, 2015, this Court affirmed (Fairpoint Cos., LLC v Vella, 134 AD3d 645 [1st Dept 2015]).
In July 2015, six months before this Court affirmed the prior order, plaintiff moved to renew and reargue the March 17, 2015, order. The notice of motion specifies that the relief is being sought in "the second, above captioned consolidated action (Index Number 150611/2012)." By order dated March 21, 2016, entered March 22, 2016 (the 2016 order), three months after this Court affirmed denial of plaintiff's original motion, the motion court granted plaintiff reargument and "upon reargument," permitted plaintiff to add Marlboro as a defendant. By notice of motion dated May 28, 2020, plaintiff moved for "confirmation, clarification or modification (or, alternatively, under CPLR § 2221(d) and ([*2]e), for reargument and/or renewal)" of the 2016 order. Supreme Court denied plaintiff's motion and declared the prior order of March 21, 2016, to be a nullity. As relevant here, Supreme Court found, sua sponte, that the two actions, Fairpoint and Vella, were consolidated for joint discovery and trial only, and their captions were not merged. Thus, the court reasoned, the prior order issued in the Fairpoint action was a nullity because this plaintiff was not a plaintiff in that action. Based on that finding, Supreme Court vacated the 2016 order.
Supreme Court erred in sua sponte vacating its March 21, 2016 order on the ground that plaintiff was not a plaintiff in the action at the time of the order granting her permission to amend. Plaintiff was a plaintiff in this action at the time the 2016 order was issued, although not a plaintiff in the consolidated matter entitled Fairpoint Companies, LLC v Vella (index No. 102016/2012). Further, plaintiff clearly sought the requested relief in this action. Thus, it was unnecessary for Supreme Court to deem that branch of the order granting plaintiff leave to amend the complaint a nullity (compare Schaar v Swiss Bank Corp.,266 App Div 766 [1st Dept 1943]).
Our decision in Fairpoint Cos., LLC v Vella (134 AD3d 645 [1st Dept 2015]) does not constitute law of the case requiring invalidation of the 2016 decision, as that appeal was from a 2015 order emanating from plaintiff's first attempt to amend her complaint,
and the 2016 order granted leave to amend based on new facts that this Court did not consider (see Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504-505 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023