Wojtaszek v City of New York (2024 NY Slip Op 24231)

[*1]

Wojtaszek v City of New York

2024 NY Slip Op 24231

Decided on August 30, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 30, 2024
Supreme Court, New York County

Bartlomiej Wojtaszek, Plaintiff,

against
The City of New York, New York City Transit Authority, 
 Metropolitan Transportation Authority, and Metropolitan Transportation Authority Capital Construction, Defendants.

Index No. 151711/2017

Segan, Nemerov, Singer, Sonin & Tancer, P.C., New York NY (Jeffrey Singer of counsel), for plaintiff.
Newman Law Associates PLLC, New York, NY (Jon E. Newman of counsel), for defendants.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 149, 150, 151, 152, 153, 154, 155, 156, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168 were read on this motion to AMEND PLEADINGS.
This action arises from injuries suffered by plaintiff, Bartlomiej Wojtaszek, while he was working on construction of the Second Avenue Subway. Plaintiff has brought claims against defendants under Labor Law §§ 200, 240 (1), and 241 (6). This court previously granted plaintiff summary judgment on liability on his § 240 (1) and § 241 (6) claims and denied defendants' cross-motion for summary judgment dismissing plaintiff's § 200 claim.[FN1]
(See NYSCEF No. 141 [order memorializing oral decision delivered on the record]; NYSCEF No. 145 at Tr. 19-28 [transcript of decision].) The remaining issues in the case are currently scheduled to be tried in January 2025.
Several months after this court ruled on the parties' motion and cross-motion for summary judgment, defendants brought this motion under CPLR 3025 (b), seeking leave to amend their answer to add an issue-preclusion defense with respect to plaintiff's claimed injuries to his left hand. (See NYSCEF No. 149.)
Defendants' proposed amendment is based on an earlier administrative proceeding in which plaintiff sought workers'-compensation benefits. In 2019, a Workers' Compensation Board ALJ held, and the Board's Administrative Review Division affirmed, that plaintiff should not be permitted to amend his workers'-compensation claim to seek benefits for injuries to his right hand because plaintiff had not shown by a preponderance of the evidence that the claimed injuries were causually related to the underlying workplace accident. (See NYSCEF No. 155 [ALJ decision]; NYSCEF No. 156 [administrative-appeal decision].) Defendants argue that this [*2]administrative decision is entitled to issue-preclusive effect in this action with respect to any claim relating to plaintiff's left hand; and that they should therefore be permitted to add an issue-preclusion affirmative defense to their answer. (See NYSCEF No. 161 at 9-15.)
The motion for leave to amend is denied.
DISCUSSION
Leave to amend under CPLR 3025 (b) is freely granted: Absent prejudice or surprise, leave should be denied only if the nonmovant establishes that the proffered amendment is "palpably insufficient or clearly devoid of merit." (Fairpoint Cos., LLC v Vella, 134 AD3d 645, 645 [1st Dept. 2015] [internal quotation marks omitted].)
1. In opposing amendment, plaintiff relies first on defendants' multi-year delay in moving for leave to amend following the workers'-compensation decision. (NYSCEF No. 159 at ¶ 6.) This argument is without merit: Delay alone is insufficient reason to deny amendment absent a showing also of prejudice or surprise. (See Fairpoint, 134 AD3d at 645.) Plaintiff does not attempt to make that showing.
2. Plaintiff also argues, in effect, that defendants' proposed amendment is clearly devoid of merit under Workers' Compensation Law § 118-a. That statute, enacted and effective in 2022, provides that in "an action for a workers' compensation claim permissible under this chapter, no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence."[FN2]
 Given this statute, plaintiff contends, no basis exists to raise an issue-preclusion defense predicated on a "finding[] in the Workers' Compensation forum." (NYSCEF No. 159 at ¶ 2.)
Defendants, on the other hand, contend that construing § 118-a as foreclosing them from raising an issue-preclusion defense would constitute a retroactive application of that statute. (See NYSCEF No. 158 at ¶¶ 38-39.) And they argue that absent a "clear expression of the legislative purpose" supporting retroactivity, affording § 118-a retroactive effect would be improper and unfair. (See NYSCEF No. 167 at ¶¶ 6-13.)
Several trial-court decisions have held that § 118-a may properly be applied retroactively.[FN3]
But no appellate court has yet construed the statute. Considering the question for itself, this court concludes that in the circumstances of this case, applying § 118-a to defendants' motion for leave to amend would not be retroactive in the first place. Given that conclusion, the court does not reach the question whether it would be proper, under different circumstances, to give the statute retroactive effect.
Defendants effectively assume that because § 118-a became effective three years after the Workers' Compensation Board decisions at issue, applying the statute to those decisions would necessarily be retroactive. This court disagrees.
A "statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment." (Gottwald v Sebert, 40 NY3d 240, 258 [2023], quoting Landgraf v USI Film Prods., 511 US 244, 269 [1994].) Rather, a statute has "retroactive effect if 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' thus impacting 'substantive' rights." (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365 [2020], quoting Landgraf, 511 US at 278-280.) [*3]If, on the other hand, the statute "affects only . . . the nonsubstantive provisions governing the procedure of a claim going forward," the statute "has no potentially problematic retroactive effect even when the liability arises from past conduct." (Id. [internal quotation marks omitted].)
Here, § 118-a does not affect the parties' rights and obligations under Labor Law §§ 200, 240 (1), or 241 (6); nor the remedies that plaintiff may obtain in an action against defendants brought under those statutes. It thus does not affect "substantive" rights, in the sense meant by Regina Metropolitan and Landgraf. Instead, it affects the procedural implications of a prior administrative determination for the future adjudication of some of the claims and defenses in this action. That effect is not "retroactive," properly speaking. Rather, it is an application of the basic principle that "procedural changes are, in the absence of words of exclusion, deemed applicable to 'subsequent proceedings in pending actions.'" (Simonson v International Bank, 14 NY2d 281, 289 [1964], quoting Lazarus v Metropolitan El. Ry. Co., 145 NY 581 [1895].)
It is immaterial here that this procedural change, by stripping the Workers' Compensation Board decision of preclusive effect, would directly and substantially affect the resolution of plaintiff's claims relating to his left hand. The Court of Appeals has held that a statute affecting whether a given determination is given issue-preclusive effect in later proceedings is "procedural" for retroactivity purposes. Under an earlier version of Public Health Law § 230, a state agency's post-hearing determination that a licensed medical provider had violated a state statute or regulation, in a way that would also constitute professional misconduct under the medical-licensing statute, was entitled to issue-preclusive effect in a later proceeding brought by the Board of Regents to suspend or revoke the provider's license. (See Matter of Choi v State, 74 NY2d 933, 935-936 [1989].) A provider subjected to this expedited determination argued, in challenging the suspension of his license, that the disciplinary proceeding was unfair "because at the time of [the first] hearing," the relevant statutory provision "giving the determination of one agency preclusive effect in a proceeding by another agency[] had not yet been passed." (Matter of Camperlengo v Barell, 78 NY2d 679-680 [1991].) The Court of Appeals rejected this argument on the ground that "the procedure in an action is governed by the law regulating it at the time any question of procedure arises." (Id. at 680.) The same rule governs here.
To be sure, procedural changes will ordinarily apply only to "future steps and stages" in a pending action, rather than "reach backward[] and "nullify by relation the things already done." (Berkovitz v Arbib & Houlberg, 230 NY 270 [1921] [Cardozo, J.].) Affording the latter effect to a procedural amendment would be "retroactive" in the ordinary sense. It would have to be justified by a "clear expression of legislative purpose." (Simonson, 14 NY2d at 289 [alteration omitted].) That is not an issue in this case, though. Defendants did not bring the current motion for leave to amend their answer until a year after Workers' Compensation Law § 118-a had gone into effect. And the proposed amendment would serve simply to permit defendants to assert their proposed issue-preclusion defense at some point in the future, most likely at trial in 2025.[FN4]
 Defendants' motion, therefore, is governed by the default rule that "procedure in an action is governed by the law regulating it at the time any question of procedure arises"—without need to conduct any further retroactivity analysis. (Matter of Clayton v Clement, 33 NY2d 386 [1974] [internal quotation marks omitted].)
Workers' Compensation Law § 118-a, effective December 31, 2022, bars a Workers' Compensation Board determination about the causes of a worker's injury from being afforded issue-preclusive effect in a later action arising out of the same occurrence. Given this statutory bar, defendants' November 2023 motion for leave to amend, seeking to raise an issue-preclusion defense relating to the cause of plaintiff's claimed injuries to his left hand, is devoid of merit.
Accordingly, it is
ORDERED that defendants' motion for leave to amend is denied.
Dated: August 30, 2024
Hon. Gerald Lebovits
J.S.C.

Footnotes

Footnote 1: Defendants noticed, but did not perfect, an appeal from this court's rulings at summary judgment.

Footnote 2: The sole exception to this preclusion bar is "determination[s] of the existence of an employer employee relationship." (Workers' Compensation Law § 118-a.) That exception is inapplicable here.

Footnote 3: See Pacheco v P.V.E. Co., LLC, 80 Misc 3d 1109, 1111-1112 (Sup Ct, Kings County 2023); Nellis v Cadman Assocs LLC, 82 Misc 3d 553, 555-557 (Sup Ct, Kings County 2023); accord Mosley v RCPI Landmark Props., LLC, 2024 WL 3967328, at *2 (Sup Ct, NY County Aug. 28, 2024); McNamara v Cosmic Realty Partners LLC, 2024 WL 328795, at *2 (Sup Ct, NY County Jan. 23, 2024); Petrov v Monadnock Constr., Inc., 2023 NY Slip Op 33699(U), at *1-2 (Sup Ct, Kings County 2023). In Dos Santos v Linden TB LLC (2023 WL 6849930, at *2 [Sup Ct, Kings County Oct. 13, 2023]), the motion court relied on Workers' Compensation Law § 118-a in denying defendants' issue-preclusion-based motion to dismiss, but did not discuss the issue of retroactivity.

Footnote 4: In a different action, the § 118-a retroactivity analysis might be more complicated—if, for example, defendants had succeeded before § 118-a's effective date in obtaining dismissal of one of plaintiff's claims as precluded by a prior Workers' Compensation Board determination. But this court need not, and does not, reach the question of how to construe § 118-a's applicability in that circumstance.